UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re:<br><br>GARY M. DESIERO,<br>    Debtor. | Case No. 04-16189<br><br>Chapter 7<br><br>Judge Arthur I. Harris |
| RITA M. DESIERO,<br><br>v.<br><br>BASIL M. RUSSO, | Adversary Proceeding No. 04-1421 |
| MARY ANN RABIN,<br>CHAPTER 7 TRUSTEE,<br>    Plaintiff,<br><br>v.<br><br>GARY M. DESIERO, et al.,<br>    Defendants. | Adversary Proceeding No. 04-1570 |

MEMORANDUM OF OPINION

On October 19, 2004, trustee Mary Ann Rabin filed an adversary complaint seeking to set aside an allegedly fraudulent conveyance of debtor Gary DeSiero's interest in real property held as tenancy by the entireties. Before the Court are the cross-motions for summary judgment filed by the trustee and by defendant Rita M. DeSiero, debtor's wife. For the reasons discussed below, the Court finds that the transfer of Gary DeSiero's interest in entireties property was not a fraudulent

conveyance under Ohio law and cannot be avoided by the trustee. Therefore, trustee Rabin's motion for summary judgment is denied, and Rita DeSiero's motion for summary judgment is granted.

JURISDICTION

The Court has jurisdiction in these adversary proceedings pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. The trustee's avoidance action, which is the subject of these cross-motions for summary judgment, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

PROCEDURAL BACKGROUND

The procedural history of these cross-motions for summary judgment is somewhat complicated because two related adversary proceedings have been consolidated. On May 17, 2004, Gary DeSiero filed his Chapter 7 petition. On August 7, 2004, debtor's spouse, Rita DeSiero, filed an adversary complaint, Adv. Proc. #04-1421. The complaint alleged that Basil M. Russo, debtor's former attorney, committed legal malpractice when he allegedly advised the DeSieros to change their ownership interest in their residence from tenancy by the entireties to a fee simple interest held solely by Rita DeSiero.

On October 19, 2004, trustee Rabin filed a separate adversary complaint,

Adv. Proc. #04-1570. The trustee's complaint seeks to set aside an allegedly fraudulent conveyance of the debtor's residence and to sell the residence in order to recover the debtor's equity interest for the estate. In Adv. Proc. #04-1570, Rita DeSiero and the trustee filed cross-motions for summary judgment (Dockets #34 & #36) on February 21, 2005. Because of their related issues, the two adversary proceedings were consolidated, and all future filings in both adversary cases were to be made in Adv. Proc. #04-1421. On April 1 and 5, 2005, the Desieros and attorney Russo both filed separate opposition briefs (Dockets #36 & #37 in Adv. Proc. #04-1421) to trustee Rabin's motion for summary judgment.

FACTUAL BACKGROUND

The DeSieros were owners of real property located at 7517 Southington Drive, Parma, Ohio 44129 (the Property). Prior to May 2003, the Property was titled to Gary M. DeSiero and Rita DeSiero as "Estate by the Entireties with Survivorship Deed." *See* Deed dated April 7, 1983, Exhibit A to Trustee's Motion for Summary Judgment (Docket #36 in Adv. Proc. #04-1570).[1] The parties do not

---

[1] Creation of a tenancy by the entireties was governed by former Ohio Rev. Code § 5302.17 enacted in 1972, which stated in part that "[a] husband and wife who are the sole owners of real property as joint tenants or tenants in common, may create in themselves an estate by the entireties in such real property, be executing a deed as provided in this section conveying their entire, separate interests in such property to themselves." In 1985, the legislature enacted the present form of § 5302.17, which replaced the "estate by the entireties" with "survivorship tenancy." However, also in

04-01570-aih    Doc 41    FILED 09/23/05    ENTERED 09/23/05 14:33:51    Page 3 of 13

dispute that this deed created a valid tenancy by the entireties.

Gary DeSiero incurred substantial debt, in part due to significant health issues, and apparently consulted with attorney Russo about asset protection, particularly protection of the equity in the family residence. The law firm of Basil Russo & Co. prepared a quit-claim deed for the debtor, and on May 5, 2003, Gary and Rita DeSiero jointly executed the quit-claim deed which transferred Gary's interest in the Property to Rita. *See* Deed dated May 5, 2003, Exhibit B to Trustee's Motion for Summary Judgment (Docket #36 in Adv. Proc. #04-1570). As a result of the transfer, Rita DeSiero held title to the Property in her name alone. The quit-claim deed was recorded in the Cuyahoga County Recorder's Office on May 12, 2003. *Id.*

On May 17, 2004, Gary DeSiero filed a voluntary chapter 7 bankruptcy petition. Debtor's schedules indicate no interest in any real property but do list the secured debt to Third Federal. The schedules value the Property at $120,000 and list the secured debt to Third Federal at $30,881.90. Debtor also listed a potential malpractice action against attorney Russo as an asset of the estate.

---

> 1985, the legislature enacted § 5302.21. This section validates estates by the entireties created under former § 5302.17.

*In re Blair*, 151 B.R. 849, 853 n.11 (Bankr. S.D. Ohio 1992).

4

On October 19, 2004, trustee Rabin filed an adversary complaint seeking to avoid and recover Gary DeSiero's transfer to his wife of his interest in the residence. Trustee Rabin and Rita DeSiero have now filed cross-motions for summary judgment regarding the trustee's avoidance action.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment,

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g., Anderson v. Liberty*

5

*Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

Because the transfer in question happened more than a year before the bankruptcy filing, the trustee can only proceed to recover the property pursuant to Section 544(b)(1). *Cf.* 11 U.S.C. § 548 (allowing avoidance of fraudulent conveyances made within one year of the date of filing). Pursuant to Section 544(b)(1), a trustee may avoid the transfer of a debtor's interest in property "that is voidable under applicable law by a creditor holding an unsecured claim." *See In re Fordu*, 201 F.3d 693, 698 n.3 (6th Cir. 1999) ("[T]he section 544 'strong-arm' provision of the Code allows the trustee to 'step into the shoes' of a creditor in order to nullify transfers voidable under state fraudulent conveyance acts for the benefit of all creditors.") (citing *NLRB v. Martin Arsham Sewing Co.*, 873 F.2d 884, 887 (6th Cir. 1989)). Here, the trustee attempts to

6

avoid debtor's transfer pursuant to Ohio's Uniform Fraudulent Transfer Act: specifically, Ohio Rev. Code § 1336.04 –defining a transfer as fraudulent if the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor"– and § 1336.07 –allowing a creditor to avoid a transfer that qualifies as fraudulent pursuant to § 1336.04.

Trustee Rabin urges this court to find, pursuant to § 1336.04, that the debtor transferred his interest in entireties property with "actual intent to hinder, delay, or defraud" his creditors. The trustee points to three "badges of fraud" which allegedly give rise to an inference of fraudulent intent: (1) transfer to an insider, debtor's wife; (2) debtor's continued residence on the Property; and (3) no consideration for the transfer. Additionally, the trustee recounts, in an affidavit, that attorney Russo counseled Gary DeSiero to transfer the property and then to file bankruptcy after a year had passed. The DeSieros dispute that their attorney counseled them to wait a year before filing bankruptcy. As explained below, the Court resolves this adversary based on Ohio statute and case law and without reaching the factual issue of debtor's allegedly fraudulent intent in transferring the property.

Ohio's Uniform Fraudulent Transfer Act became effective in September 1990 and is found at Ohio Rev. Code § 1336. The statute applies only to

7

fraudulent transfers of "assets," Ohio Rev. Code § 1336.04 & .01(L), and the definition of asset specifically excludes,

> [a]n interest in property held in the form of a tenancy by the entireties created under section 5302.17 of the Revised Code prior to April 4, 1985, to the extent it is not subject to process by a creditor holding a claim against only one tenant.

Ohio Rev. Code § 1336.01(B). Ohio case law states that a spouse's interest in entireties property is not alienable by one spouse without the consent of the other spouse, and therefore, entireties property is "not subject to process" by one spouse's creditors without consent of the other spouse. *Central Nat'l Bank v. Fitzwilliam,* 12 Ohio St.3d 51, 54, 465 N.E.2d 408, 411 (1984). Thus, the plain language of Ohio's Uniform Fraudulent Transfer Act appears to exclude entireties property from the types of assets that a creditor of only one spouse can recover through a fraudulent transfer action.

The Court is unaware of any Ohio state court decisions reaching this conclusion regarding the plain language of the 1990 statute; in fact, the Court is unaware of any Ohio state court decision involving entireties property and a fraudulent conveyance action brought pursuant to the Ohio Uniform Fraudulent Transfer Act. *Cf. In re McFarland,* 170 B.R. at 624-25 (discussing, briefly, the Ohio Uniform Fraudulent Transfer Act and the definition of "asset"). The Court,

8

however, is aware of Ohio's applicable case law prior to the 1990 statute. The prior case law supports this Court's reading of the current statute because, as discussed below, the 1990 statute appears to codify the prior case law.

Prior to 1990, the Ohio fraudulent conveyance statute was entitled the Ohio Uniform Fraudulent Conveyance Act. The Ohio Uniform Fraudulent Conveyance Act differed from the 1990 statute because it did not specifically exclude entireties property from the types of assets that could be fraudulently conveyed. Ohio case law, however, found that entireties property should be protected from fraudulent conveyance action in some circumstances. *Donvito v. Criswell*, 1 Ohio App.3d 53, 58, 439 N.E.2d 467, 473 (1982). In *Donvito*, the Ohio appellate court was faced with facts similar to the present case: a husband with significant debts, a husband and wife owning property by the entireties, and an attorney giving advice that results in a quit-claim deed of husband's interest to the wife. The creditor brought a fraudulent conveyance action, but the Ohio Court of Appeals denied the motion. The court followed what it characterized as the majority rule that "an estate by the entireties prevents the creditor of only one spouse from attaching that spouse's interest in the estate or from levying on the tenancy property." 1 Ohio App.3d at 57, 439 N.E.2d at 472; *see Fitzwilliam,* 12 Ohio St.3d at 54, 465 N.E.2d at 411 (confirming that the *Donvito* court applied the correct "no interest reachable

9

rule"); *cf. United States v. Craft*, 535 U.S. 274, 288 (2002) (finding under federal law that federal tax lien could attach to individual spouse's interest in entireties property while "recogni[zing] that Michigan makes a different choice with respect to state law creditors"). Because the entireties property could not have been reached by the debtor's individual creditors, the *Donvito* court followed the "no harm, no foul" concept of fraudulent or preferential transfers and found no fraudulent transfer:

> [Debtor and his wife] held the Southwood Drive property as tenants by the entireties prior to [debtor's] quitclaim deed to [his wife]. Therefore, even if the quitclaim deed were to be declared void, the [debtor and his wife] would still be considered tenants by the entireties and the property would be immune from [the claim of debtor's individual creditor].
> However, under existing case law in jurisdictions which recognize an estate by the entireties, the conveyance accomplished by [debtor]'s deed to [his wife] was *not* fraudulent. . . . [A] conveyance from one spouse to the other, of his or her interest in the tenancy, is upheld because it is a valid exercise of the right of both spouses to mutually alienate entirety property without being subject to either spouse's debts. Consequently, a conveyance from [debtor] to [his wife] is not fraudulent as to [debtor's creditor].

1 Ohio App.3d at 57-58, 439 N.E.2d at 473 (citations omitted). *See also In re Pernus*, 143 B.R. 856, 857-59 (Bankr. N.D. Ohio 1992) (applying "no interest reachable rule" to entireties property where no joint debtors); *Matter of Turner*, 45 B.R. 649, 650-51 (Bankr. S.D. Ohio 1985) (finding transfer is not fraudulent because it "removed no non-exempt property from the estate," "does not deplete

10

the estate," and therefore could not hinder, delay or defraud any creditor); *cf. In re McFarland*, 170 B.R. 613, 625 (Bankr. S.D. Ohio 1994) (avoiding fraudulent transfer of entireties property under Section 544(b) because over $900,000 in unsecured joint debt). Several other non-Ohio courts have also applied the "no harm, no foul" concept of fraudulent or preferential transfers. *See, e.g., Matter of Agnew*, 818 F.2d 1284, 1290 (7th Cir. 1987) (granting discharge because debtor's release of entireties proceeds to non-debtor spouse was not fraudulent).

Thus, prior to the change in the statute in 1990, Ohio law, as stated in *Donvito*, held that the Ohio fraudulent conveyance statute did not apply to entireties property where the debtor had no joint creditors who could have been injured by the transfer. *Cf. Wagner v. Galipo*, 50 Ohio St.3d 194, 553 N.E.2d 610 (1990) (explaining that *original creation* of tenancy by the entireties could be a fraudulent transfer as to creditors of only one spouse). The 1990 changes in Ohio's fraudulent conveyance statute appear to have codified the result from *Donvito*.

The trustee argues against the "no harm, no foul" approach. She asserts that the debtor's interest in entireties property is an asset of the bankruptcy estate, *Blachy v. Butcher*, 221 F.3d 896, 906-07 (6th Cir. 2000); *Matter of Grosslight*, 757 F.2d 773, 775 (6th Cir. 1985), and the entireties status was permanently lost

11

when debtor transferred the property with the alleged intent to defraud creditors. The trustee cites to several cases in support of her reasoning. *See, e.g., Matter of Wickstrom*, 113 B.R. 339, 346-52 (Bankr. W.D. Mich. 1990):

> When a transfer of entireties property occurs by the voluntary act by a debtor and the non-debtor spouse, the debtor will be deemed to have made a conscious decision not to claim the property as exempt. . . . Therefore, a trustee's cause of action may arise for the benefit of creditors, to obtain the debtor's portion of the transferred property. In such an instance, all the debtor's creditors, whether they hold joint or several claims, should be entitled to share prorata the recovered property, or the value thereof, in accordance with their respective priorities under the distribution sections of the Bankruptcy Code.
> This court therefore rejects the "no harm-no foul" approach or the "diminution of the estate" doctrine in this adversary proceeding and in similar circumstances.

(citations omitted). These decisions rejecting the "no harm, no foul" approach, however, interpret either Section 548 or other non-Ohio fraudulent conveyance law. *See In re Smoot*, 265 B.R. 128, 135-37 (Bankr. E.D. Va. 1999) (refusing to avoid transfer under Section 544 and state law that follows "no harm, no foul" doctrine but concluding that transfer would still be avoided under Section 548 and federal law). As explained above, this Court must look to Ohio statutes and/or case law on fraudulent conveyances, and the Ohio statute and case law do not support the trustee's position.

Based on Ohio's Uniform Fraudulent Transfer Act and its apparent

12

codification of the result reached in *Donvito*, this Court concludes that Gary DeSiero's transfer of his entireties property was not a fraudulent conveyance under Ohio law and is therefore not avoidable by the trustee.

## CONCLUSION

The Court finds that the transfer of Gary DeSiero's interest in entireties property was not a fraudulent conveyance under Ohio law and is not voidable under any "applicable law." Therefore, trustee Rabin's motion for summary judgment is denied, and Rita DeSiero's motion for summary judgment is granted. The Court believes that this ruling renders moot the remaining claims in these consolidated adversary proceedings. Should any party believe that all remaining claims are not moot, such party may move to alter or amend the judgment pursuant to Bankruptcy Rule 9023 and Fed. R. Civ. P. 59(e).

IT IS SO ORDERED.

_____
Arthur I. Harris
United States Bankruptcy Judge

13

04-01570-aih    Doc 41    FILED 09/23/05    ENTERED 09/23/05 14:33:51    Page 13 of 13